IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00708-REB-MEH

ANTHONY D. LOCKE,

     Plaintiff,

v.

FEDEX FREIGHT, INC.,
CARL PETERMAN,
JEFF W. STAMM,
BILL LOFTUS,
BOB MORELAND,
TONY TALIERCIO, and
JON S. JONES,

     Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on March 6, 2013.**

     Before the Court are Plaintiff's [Motion] to Compel the Defense to State the Defendant Jon S. Jones [sic] Whereabouts for Discovery and Subpoena Process [filed March 4, 2013; docket #51], [Motion for] More Time to Respond to Defenses [sic] Interrogatories and Requests for Production of Documents [filed March 4, 2013; docket #52], [Motion] for More Discovery Evidence Time [filed March 4, 2013; docket #53], and [Motion for] Help in Finding a Volunteer Attorney in Said Case [filed March 4, 2013; docket #54]. The motions are **denied without prejudice** for failure to comply with D.C. Colo. LCivR 7.1A, which states,

> The court will not consider *any motion*, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

(emphasis added). As the Plaintiff knows from previous orders, he must provide the Court with an explanation of his efforts to confer with opposing counsel regarding his requests to the Court and inform the Court of his opponents' positions on the motions. *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (because Rule 7.1A requires meaningful negotiations by the parties, the rule is not satisfied by one party sending the other party a single email, letter or voicemail). **The Plaintiff may re-file his motions in accordance with this order and all applicable rules.**

     Meanwhile, in the interest of expediency and judicial efficiency, the Court notes that

Plaintiff's request for information concerning Defendant Jones' whereabouts may be improper. Mr. Jones is represented by counsel in this action; thus, all discovery requests and communications should be directed to Mr. Jones' attorney. Moreover, Plaintiff mentions that he seeks to "subpoena" Mr. Jones; however, to the extent Plaintiff seeks written discovery from, or a deposition of, Mr. Jones, he need only seek such discovery from Mr. Jones' counsel.

Furthermore, with respect to Plaintiff's request that the Court appoint volunteer counsel, under 28 U.S.C. § 1915(e)(1), a district court may, in its broad discretion, appoint counsel to an indigent party in a civil case. *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991). However, civil litigants enjoy no constitutional right to an attorney, *Johnson v. Johnson,* 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam), and the Court does not have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Therefore, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams*, 926 F.2d at 996). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff's filings to date indicate that he has a firm grasp of the facts and issues in this case, and is capable of presenting the case. At this stage of the litigation, the legal issues, though varied, are not overly complex, novel, or difficult to state or analyze. Plaintiff does not contend that he experiences any of the special circumstances set forth in *McCarthy v. Weinberg*, *supra*. Additionally, the record bears no indication that Plaintiff has made efforts to obtain counsel for himself.