**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-00708-REB-MEH

ANTHONY D. LOCKE, an individual,

    Plaintiff,

v.

FEDEX FREIGHT, INC.,
CARL PETERMAN,
JEFF W. STAMM,
BILL LOFTUS,
BOB MORELAND,
TONY TALIERCIO, and
JON S. JONES,

    Defendants.

**ORDER ADOPTING RECOMMENDATIONS OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the following: (1) **Defendant Jon S. Jones' Motion to Dismiss Plaintiff's First Amended Complaint** [#24][1] filed June 6, 2010; and the corresponding **Recommendation of United States Magistrate Judge** [#43] filed August 31, 2012.  Mr. Jones filed objections [#44] to the recommendation.  I overrule the objections and approve and adopt the recommendation.

    The plaintiff is acting *pro se*.  Therefore, I construe his filings generously and with the leniency due pro se litigants, see ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007);

---

[1] "[#24]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

*Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendations to which Mr. Jones objects. I have considered carefully the recommendations, the objections, and the applicable case law.

In his motion to dismiss, Mr. Jones argues that this court does not have personal jurisdiction over him. The magistrate judge analyzed thoroughly the law and considerations relevant to the question of personal jurisdiction. Ultimately, the magistrate judge concludes that, given the circumstances of this case and the applicable law, this court properly may assert specific jurisdiction over Mr. Jones. No doubt, this case explores the limits of personal jurisdiction. Ultimately, however, I find that the conclusions and recommendation of the magistrate judge on this issue are legally correct.

Mr. Jones argues also that he has not properly been served with process in this case. The magistrate judge concludes that Mr. Jones has not been served properly. Because the plaintiff is acting *pro se*, the court undertook to arrange for service on the defendants named in this case. The magistrate judge recommends that a second attempt to serve Mr. Jones at his correct address be made. Under applicable law, this recommendation is proper.

Mr. Jones' objections address both of the issues summarized above. Although well-stated, I conclude that Mr. Jones' objections do not vitiate the conclusions and recommendations of the magistrate judge. Therefore, I overrule the objections.

3

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#43] filed August 31, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the objections of defendant Jon S. Jones as stated in [#44] are **OVERRULED**;

3. That **Defendant Jon S. Jones' Motion to Dismiss Plaintiff's First Amended Complaint** [#24] filed June 6, 2010, is **DENIED**;

4. That the clerk of the court **SHALL ARRANGE** and **COORDINATE** service of a summons and the complaint on defendant Jon S. Jones or a waiver of service on behalf of defendant Jon S. Jones; and

5. That under F̃ED. R. C̃IV. P. 4(m), the deadline for service on Mr. Jones is **EXTENDED** to May 24, 2013, subject to further extension for good cause.

Dated March 21, 2013, at Denver, Colorado.

                                                                                          **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge