IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00708-REB-MEH

ANTHONY D. LOCKE,

    Plaintiff,

v.

FEDEX FREIGHT, INC.,
CARL PETERMAN,
JEFF W. STAMM,
BILL LOFTUS,
BOB MORELAND,
TONY TALIERCIO, and
JON S. JONES,

    Defendants.

## ORDER RE: MOTION FOR VOLUNTEER COUNSEL

**Michael E. Hegarty, United States Magistrate Judge.**

On April 4, 2013, the Court heard Plaintiff's request [motion] for volunteer counsel. Under 28 U.S.C. § 1915(e)(1), a district court may, in its broad discretion, appoint counsel to an indigent party in a civil case. *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991). However, civil litigants enjoy no constitutional right to an attorney, *Johnson v. Johnson,* 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam), and the Court does not have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Therefore, the Court can seek <u>volunteer</u> counsel to represent a plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual

issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams*, 926 F.2d at 996). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

Based upon the stage of the litigation and the complexity of the legal issues raised, I will direct that this case be placed on the volunteer list.

However, Plaintiff should be cautioned that placement of Plaintiff's name on the Court's volunteer counsel list does not guarantee that an attorney will volunteer to undertake representation of this case. Therefore, unless and until an attorney voluntarily selects Plaintiff's case from the list of *pro se* cases, and agrees to undertake representation on a volunteer basis, the Court can do no more in this regard. Because of the uncertainty as to whether counsel will be found to undertake representation of the Plaintiff, the Court cannot stay the case during the time the file is on the volunteer counsel list.

Accordingly, Plaintiff's case will be placed on the list of *pro se* cases for which the Court is seeking volunteer counsel maintained by the CJA/Pro Se Division of the Clerk's Office.

Dated at Denver, Colorado, this 19th day of April, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge