IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00708-REB-MEH

ANTHONY D. LOCKE,

    Plaintiff,

v.

FEDEX FREIGHT, INC.,
CARL PETERMAN,
JEFF W. STAMM,
BILL LOFTUS,
BOB MORELAND,
TONY TALIERCIO, and
JON S. JONES,

    Defendants.

---

### **AMENDED[1] RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Request [Motion] for Leave to Serve/Re-serve Defendant(s) Peterman, Stamm, Loftus, Moreland, Taliercio, and Jones [filed April 25, 2013; docket #66]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation [docket #67]. The motion is briefed to the extent of the law, and oral argument would not materially assist the Court in its adjudication of the motion. For the reasons that follow, the Court respectfully recommends that Plaintiff's motion be **granted in part** and **denied in part**, and that Defendants Taliercio, Peterman, Stamm, Loftus, and Moreland be dismissed from

---

[1]This recommendation is amended only to correct the analysis concerning Defendant Tony Taliercio; the analysis concerning all other Defendants and issues remains the same. Therefore, any objections to this Amended Recommendation may refer only to the analysis regarding Mr. Taliercio.

this case without prejudice.[2]

**I.      Background**

Plaintiff, Anthony Locke, proceeding *pro se*, initiated this action on March 21, 2012 alleging claims for violations of Title VII of the Civil Rights Act, as amended, the Colorado Anti-Discrimination Act, and 42 U.S.C. § 1981. Docket #1. At the same time, Plaintiff moved to proceed *in forma pauperis* ("IFP"); Plaintiff's motion was granted by Magistrate Judge Boland on March 26, 2012. Dockets ## 2, 4.

Pursuant to Plaintiff's IFP status, the Clerk of the Court arranged service of process by the United States Marshal upon the Defendants in the case. Service of the complaint appeared to be successful upon Defendants Jones and Talercio (*see* dockets ##9, 11); however, service was unsuccessful upon Defendant FedEx for an incorrect address and upon Defendants Loftus, Moreland, Peterman and Stamm because they no longer worked for FedEx. Dockets ## 8, 10.

On April 30, 2012, Defendant Jones filed a motion to dismiss arguing that Plaintiff failed to serve him properly and that the Court had no personal jurisdiction over him. Docket #12. Plaintiff then filed the operative First Amended Complaint on May 22, 2012 pursuant to 42 U.S.C. § 1981

---

[2]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

("Section 1981"),[3] asserting retaliation, harassment, disparate treatment and discrimination on the basis of race. *See* docket #42-1. More specifically, Plaintiff, an African-American, alleges that all Defendants created a hostile work environment and treated him disparately in terminating his employment, and that Defendant Peterman harassed and retaliated against Plaintiff following his complaints about the harassment. *Id.*

Due to the filing of the Amended Complaint, the Court rendered moot Defendant Jones' original motion to dismiss. Docket #21. Thus, on June 6, 2012, Defendant Jones filed a motion to dismiss the Amended Complaint, arguing that Plaintiff's claims against him should be dismissed for (1) insufficient service of process; (2) failure to plead adequate personal jurisdiction; and (3) failure to state a claim upon which relief can be granted. Docket #24 at 2.

On July 25, 2012, this Court held a scheduling conference at which the Court discussed with the parties service of process of the Amended Complaint upon the Defendants. Counsel for Defendant FedEx informed the Court that FedEx waived service of process, but that no other individual Defendant had been served to his knowledge. Plaintiff informed the Court that he had received FedEx's initial disclosures naming as witnesses several individuals, including the individual Defendants, but that none of the addresses or telephone numbers were provided. The Court ordered FedEx Freight to produce to the Plaintiff the last known addresses and telephone numbers for all witnesses listed on the disclosures, including the individual Defendants. In addition, the Court informed the Plaintiff that the time for service of process had expired pursuant to Fed. R.

---

[3]The Court notes that the parties filed a Stipulation on June 29, 2012 in which they agree that the only claim Plaintiff seeks to assert in his Amended Complaint is his Section 1981 claim. The Court accepts the Stipulation as agreed and construes it as Plaintiff's notice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) that Plaintiff dismisses his Title VII and CADA claims.

Civ. P. 4(m) and that Plaintiff would need to show good cause to extend the time. Plaintiff attempted to voice an oral motion to extend the time for service upon Defendant Jones considering that Jones' motion to dismiss had not been ruled upon, but the Court ordered Plaintiff to file a written motion.

On August 31, 2012, this Court issued a recommendation that Defendant Jones' motion be denied, that the time period for service of the Amended Complaint upon Jones be extended and that the Court arrange service of process upon Jones at his correct address. Docket #43. On March 21, 2013, the Honorable Robert E. Blackburn adopted the recommendation, extended the time period for service upon Jones to May 24, 2013, and ordered that the Clerk of the Court arrange service of process upon Jones at his correct address. Docket #60.

Meanwhile, nearly six months after the Scheduling Conference, Plaintiff filed a "Motion for Leave to Serve/Re-serve Defendant(s) Peterman, Stamm, Loftus, Moreland, Taliercio, and Jones" on January 11, 2013. Docket #45. Attached to the motion was a list of last known addresses and telephone numbers for all individual Defendants except Defendant Jones. *Id.* at 4. This Court denied the motion without prejudice for Plaintiff's failure to comply with D.C. Colo. LCivR 7.1A. Docket #47.

More than three months later, Plaintiff filed the present motion seeking leave to serve the individual Defendants. Plaintiff argues that the issue was discussed at the July 25, 2012 Scheduling Conference and that he was "made aware" that "several of the listed defendants in [this] case no longer work for FedEx Freight and only one defendants [sic] Tony Taliercio was currently employed with FedEx Freight." Motion, ¶ 1, docket #66. Plaintiff essentially contends that the matters discussed at the scheduling conference constitute good cause to grant leave to serve at this time.

4

FedEx Freight responds that Plaintiff had ample time and opportunity to cooperate with the Court and the U.S. Marshal in serving the Amended Complaint upon the individual Defendants, but did not do so. FedEx Freight states that Plaintiff "makes no attempt to explain why he was delayed so long." Response, docket #73 at 6. Further, FedEx Freight asserts that it will suffer undue delay and prejudice if the motion is granted, since the action was commenced 14 months ago and discovery has concluded.

Although provided an opportunity to do so, the Plaintiff did not file a reply brief in support of his motion.

**II.    Legal Standards**

A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Brothers, Inc v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant.") (citation omitted); *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.") (citations omitted); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case.").

Fed. R. Civ. P. 4 governs service of a summons and complaint in federal court. Pursuant to Rule 4(c), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."

Fed. R. Civ. P. 4(c). Rule 4(m) provides, in pertinent part,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Generally, good cause requires the moving party to establish that the initial deadline cannot be met, despite his diligent efforts. *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). In *Scott*, the court set forth the required inquiry a court must make before dismissing a case pursuant to Rule 4(m):

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service .... If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point, the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

216 F.3d at 912 (quoting *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995)).

In this case, the Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Order, docket #4. Accordingly, under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." A *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the Clerk of the Court and/or U.S. Marshal for service of the summons and complaint, but only insofar as the court is provided proper contact information for the defendant to be served. *Calbart v. Denver Sheriff Dep't*, No. 10-cv-01385-LTB-CBS, 2011 WL 805765, at *3 (D. Colo. Feb. 8, 2011).

**III.    Analysis**

In this case, the individual Defendants were named both in the original complaint (filed March 21, 2012) and in the Amended Complaint. Thus, the deadline for service of process was July

6

19, 2012. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("the 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint").

      A.      <u>Defendant Taliercio was Served with Complaint, but not Amended Complaint</u>

The record in this case indicates that Defendant Tony Taliercio was served with the original Complaint on April 17, 2012, upon receipt of a signed waiver of service of summons. *See* docket #11. According to the waiver, he was to answer or otherwise respond to the complaint on or before June 1, 2012; however, he has filed nothing in response to the Complaint. FedEx Freight argues, without any case support, that simply because the Plaintiff named Taliercio in the Amended Complaint but failed to serve the amended pleading upon Taliercio, Taliercio has not been properly served. The Court has found nothing in the rules or the case law supporting this general proposition. In fact, the Tenth Circuit has concluded that the 120-day period in Rule 4(m) does not re-start upon the filing of an amended complaint for any defendants identified in the original pleading. *See Bolden*, 441 F.3d at 1148.

However, the Court notes that, on May 23, 2012, it ordered the Plaintiff to serve all individual Defendants (including Taliercio, but not Jones) with the Amended Complaint in accordance with Fed. R. Civ. P. 4. Docket #21. The Amended Complaint was filed before the deadline for Taliercio to respond to the original Complaint. While it may appear, at first glance, that Plaintiff believed the Court or U.S. Marshal would serve the amended pleading upon all Defendants by the Plaintiff's attaching to his motion the forms necessary for service, the Court finds that such forms were attached simply for service upon the newly named Defendant, FedEx Freight. *See* dockets ##18-4, 18-5. The Plaintiff neither moved for service, nor otherwise signaled to the

7

Court such a belief, and the amended pleading was never served upon the individual Defendants by the Court or U.S. Marshal. Moreover, the Plaintiff did not provide the Court with updated addresses for the individual Defendants until he filed a motion many months after the Scheduling Conference; then, although his motion was denied, never provided the addresses to the Court again. The Court finds Plaintiff's conduct non-responsive to the May 23, 2012 order.

This issue was raised by the parties at a Status Conference on August 1, 2013. Defense counsel reminded the Court that the Amended Complaint and the Court's May 23, 2012 order to serve the amended pleading on all individual Defendants, including Taliercio, was filed before Taliercio's answer deadline.[4] Further, Plaintiff conceded that, despite this Court's instruction for him to do so at an April 4, 2013 status conference, he never requested in discovery the current contact information for any of the individual Defendants. In fact, the Court was informed that Taliercio has retired from FedEx Freight and may have a different address.

In sum, the Court finds that Plaintiff was required to serve the Amended Complaint upon Defendant Taliercio, but did not do so. Further, the Court finds Plaintiff does not demonstrate good cause (as set forth herein and below) for the Court to grant him an extension of time at this late date. Accordingly, this Court recommends that Plaintiff's motion for extension be **denied** as to Defendant Taliercio.

      B.      <u>Defendant Jones Has Not Been Properly Served</u>

Unlike the other Defendants, Defendant Jones filed a motion to dismiss for lack of personal jurisdiction and improper service. On March 21, 2013, Judge Blackburn adopted this Court's

---

[4]Admittedly, the Court did not consider this fact for its analysis in the original Recommendation.

recommendation to deny Jones' motion and extend the deadline for service of process. *See* Order, docket #60. Judge Blackburn extended the deadline for service upon Jones to May 24, 2013. *Id.* On April 4, 2013, this Court held a motion hearing at which the topic of service upon Jones was raised. Plaintiff asked the Court whether Jones would be "subpoenaed" (served) by the deadline set by Judge Blackburn. This Court answered "yes," and stated,

> Judge Blackburn ordered the Clerk of the Court to arrange for service. They'll do their best and if Mr. Jones gets served there will be a document that's filed with the Court saying Mr. Jones was served. He has 20 days after that to file an answer. If he doesn't he's in default. You can move for a default. That's the way that's going to happen.

Transcript of Motion Hearing, April 4, 2013, 77: 15-21, docket #62 (transcript restricted from public access pursuant to confidential testimony given on other matters). However, at the time of the hearing, this Court understood that the Clerk had been provided Defendant Jones' address and telephone number. But, there is nothing in the record indicating that Jones' contact information has been provided to the Clerk of the Court. Further, there is nothing in the briefing or on the record indicating that FedEx Freight has provided the Plaintiff with Jones' contact information so that he could provide it to the Clerk. *See* Plaintiff's Motion, January 11, 2013, docket #45 at 4 (Plaintiff lists the contact information for all individual Defendants except Jones). Once the Plaintiff provides the correct address and telephone number for service of process on a particular Defendant to the Clerk of the Court, Plaintiff is entitled to rely on the Clerk of the Court and/or the U.S. Marshal for service of the summons and complaint. *See Calbart*, 2011 WL 805765, at *3.

Accordingly, due to the lack of information concerning whether Plaintiff has been provided contact information for Defendant Jones, this Court recommends that Plaintiff be **granted** a brief extension of time within which to receive Jones' contact information (if appropriate) and provide

it to the Clerk of the Court for service of process upon Defendant Jones.

        C.        <u>Good Cause for Mandatory Extension for Remaining Defendants</u>

A Deputy Clerk of this Court certified that she arranged service of process with the United States Marshal Service for all Defendants on March 28, 2012. Certificate of Service, docket #7. A deputy U.S. Marshal then attempted to serve the Defendants on April 9, 2012 at Federal Express, 9789 E. 99th Place, Henderson, CO 80640. *See* dockets ## 9, 10. With respect to all individual Defendants (except Jones and Taliercio), Aaron Hollis, Service Center Manager at the Henderson facility, notified the Marshal that they were no longer employed with the company and he did not accept service on their behalf (docket #10). Notices of these events were filed on the docket on April 9, 2012 and April 10, 2012. *See id.*

The Court granted Plaintiff leave to file the Amended Complaint on May 23, 2012. While at that time the Plaintiff sought issuance of a subpoena upon the newly named Defendant, FedEx Freight (dockets ## 42-4, 42-5), as stated above, there is no indication from the record that Plaintiff made any attempts to serve or seek service of the Amended Complaint upon any of the individual Defendants.

Plaintiff claims that he was made aware at the July 25, 2012 Scheduling Conference that these individual Defendants had not been served. However, a stipulated motion to convert the scheduling conference to a status conference was filed on June 5, 2012 stating that only Defendant Jones had been served and thus, "[u]ntil the remaining defendants have been served and appear in this litigation, the Parties believe that it is premature to hold a Scheduling Conference or to prepare a Scheduling Order governing these proceedings." Stipulated Motion to Vacate Scheduling Conference, ¶ 2, docket #22. Plaintiff authorized defense counsel to sign the motion in his name.

*Id.* Therefore, the Court finds that Plaintiff had knowledge as early as the first week of June 2012 that individual Defendants Taliercio, Peterman, Stamm, Loftus, and Moreland had not been served. At the same time, however, Plaintiff, although proceeding *pro se*, has the obligation to discover and know what is happening in his case. There is no indication from the record that Plaintiff had any inability to check the docket sheet in his case (whether hard copy or electronic) well before June 2012 and see the notices of service filed on April 9 and 10, 2012 reflecting that service had been unsuccessful for some Defendants.

Even if it were true that Plaintiff had no knowledge until July 25, 2012 that Defendants Taliercio, Peterman, Stamm, Loftus, and Moreland had not been served, Plaintiff by his own admission did nothing about it until January 11, 2013, almost six months later. This Court informed Plaintiff on July 25, 2012 that the service deadline had expired a few days earlier and that, if he wished to do so, Plaintiff would have to file a written motion demonstrating good cause for an extension of the time. Plaintiff finally filed a motion in January 2013 but, even had the Plaintiff complied with conferral requirements, the one-page motion proffered no good cause for the requested extension. Rather, Plaintiff simply stated that he "has now been given more information about the whereabouts of the all defendants in [this] case by the represented [sic] attorneys." Motion, ¶ 1, docket #45. Plaintiff does not identify when he received such information, which had been ordered by the Court at the July 25, 2012 conference to be produced to the Plaintiff. In fact, Plaintiff has never argued that there was any delay in receiving information from FedEx Freight regarding the addresses and telephone numbers of the individual Defendants.

Finally, after the January 2013 motion was denied without prejudice, Plaintiff waited more than another three months before filing the present motion. The present motion indicates nothing

concerning Plaintiff's inability to file a compliant motion before April 25, 2013, nothing explaining any delay and nothing demonstrating good cause for the three-month delay.

Rather, Plaintiff states that this Court denied Plaintiff's oral motion to "re-serve all defendants to cure any discrepancy in service." Motion, ¶ 1. While true that the Court directed Plaintiff at the July 25, 2012 scheduling conference to file a written motion to allow FedEx Freight to respond, Plaintiff sought only to re-serve Defendant Jones at that time, who had filed a motion to dismiss for, among other things, improper service. Further, Plaintiff states in the present motion that this Court, in its Recommendation on the motion to dismiss, requested that the Plaintiff file a written motion to serve all Defendants; however, this Court made no such request. *See* docket #43. Finally, Plaintiff argues that he had made "several requests [for extension to serve] prior [to March 6, 2013] and the Claimant did exactly what this Court wanted him to do over 7 months prior." Motion, ¶ 5. Clearly, this is not accurate; as shown by the record, the Plaintiff waited nearly six months to file a written motion for extension of time to serve four of the individual Defendants and, when his motion was denied without prejudice for failure to comply with the local rule, Plaintiff waited another three months to file the present motion. Plaintiff has provided no explanation for the delay.

Accordingly, the Court must conclude that Plaintiff has failed to demonstrate good cause for a mandatory extension of time pursuant to Fed. R. Civ. P. 4(m) and recommends that the District Court deny Plaintiff's request for a mandatory extension of time to serve Defendants Taliercio, Peterman, Stamm, Loftus, and Moreland.

        D.       <u>Permissive Extension to Serve Remaining Defendants</u>

Even if the Plaintiff fails to demonstrate good cause for a mandatory extension of time to

serve, the Court must consider whether to grant a permissive extension. *Scott*, 216 F.3d at 912. FedEx Freight argues that granting Plaintiff leave to serve five of the individual Defendants at this stage of the litigation, more than 14 months after the action commenced, would be prejudicial in that FedEx Freight would be required "to start the defense of this case over from the start due to Locke's lack of diligence in pursuing his claims." Response, docket #73 at 2.

The Court agrees. While the Court recommends an extension of time for service upon Jones, which may minimally delay adjudication of this case, the Court notes that Jones has been represented by counsel since nearly the inception of the case. Defendants Peterman, Stamm, Loftus, and Moreland, all former employees of FedEx Freight, have been neither served nor represented in this case and, thus, there is a significant likelihood that they have no knowledge of the action. Defendant Taliercio may have knowledge of the case, but he has never appeared nor been represented to this Court's knowledge. Therefore, this 14-month-old action would be newly commenced for these Defendants. Moreover, there is a high probability that service could be unsuccessful on three of the five Defendants who apparently reside outside of the state of Colorado (*see* docket #45 at 4); for those non-resident Defendants who do not waive service, the Plaintiff, who is proceeding *in forma pauperis*, would be obligated to arrange personal service outside of the state.

Under these circumstances, and considering that the Plaintiff has proffered no reason for his delay and has demonstrated insufficient cause to extend the service deadline, the Court respectfully recommends that the District Court **deny** the Plaintiff's motion to extend service pursuant to Rule 4(m) as to Defendants Taliercio, Peterman, Stamm, Loftus, and Moreland.

E.      Dismissal Pursuant to Fed. R. Civ. P. 4(m)

Rule 4(m) provides that "if a defendant is not served within 120 days after the complaint is

filed, the court, on motion or on its own after notice to the plaintiff, *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Here, the Plaintiff was notified at the Scheduling Conference on July 25, 2012 that the deadline had expired pursuant to Rule 4(m). Nevertheless, he waited nearly six months to seek an extension of time for service and another three months after learning that his motion was procedurally deficient. *Pro se* status does not relieve Plaintiff of the duty to comply with rules and procedures governing litigants and counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("*pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure").

Therefore, having been notified that the deadline for service had expired in July 2012 and having failed to demonstrate cause for mandatory and/or permissive extension of the service deadline, the Court recommends that the District Court dismiss Defendants Taliercio, Peterman, Stamm, Loftus and Moreland from this action without prejudice pursuant to Fed. R. Civ. P. 4(m) and 41(b).

**IV.     Conclusion**

The Court concludes that there is a lack of information as to whether Plaintiff has been provided Defendant Jones' contact information for service of process upon Jones. At the same time, however, the Plaintiff has failed to meet his burden of demonstrating good cause to extend the deadline set forth in Fed. R. Civ. P. 4(m) for serving a summons and the operative pleading upon

Defendants Taliercio, Peterman, Stamm, Loftus, and Moreland. Furthermore, the Court concludes that a permissive extension is not warranted as to these Defendants and that the Court must dismiss without prejudice these Defendants pursuant to Fed. R. Civ. P. 4(m).

Accordingly, the Court RECOMMENDS that Plaintiff's Request [Motion] for Leave to Serve/Re-serve Defendant(s) Peterman, Stamm, Loftus, Moreland, Taliercio, and Jones [filed April 25, 2013; docket #66] be **GRANTED** as to Defendant Jones and **DENIED** as to the remaining individual Defendants. Also, the Court recommends that Defendants Taliercio, Peterman, Stamm, Loftus, and Moreland be dismissed from this action without prejudice pursuant to Fed. R. Civ. P. 4(m) and 41(b).

Respectfully submitted this 1st day of August, 2013, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge