IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00708-REB-MEH

ANTHONY D. LOCKE,

    Plaintiff,

v.

FEDEX FREIGHT, INC., and
JON S. JONES,

    Defendants.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

**Michael E. Hegarty, United States Magistrate Judge**.

    This matter comes before the Court upon the Plaintiff's refusal to comply with this Court's April 4, 2013 order granting Defendant's motion to compel (docket #61), which was affirmed by the District Court on November 4, 2013 (docket #103). The parties appeared before the Court today for a Status Conference concerning any remaining discovery and the modification of deadlines set forth in the operative Scheduling Order. Counsel for Defendants provided copies of releases compelled by this Court in its April 2013 order for the Plaintiff's signature; however, the Plaintiff refused to sign them in open court. The Court warned the Plaintiff that if he refused to sign them, the Court would recommend dismissal of the case for Plaintiff's failure to prosecute the case. Again, the Plaintiff stated that he objected to signing the releases and that he intended to file an interlocutory appeal. The Court recessed the Status Conference at that point and recommends here

that the District Court **dismiss this case** for Plaintiff's failure to prosecute.[1]

**I.      Background**

Plaintiff, Anthony Locke, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), to the Colorado Anti-Discrimination Act ("CADA"), and to 42 U.S.C. § 1981 ("Section 1981"), asserting retaliation, harassment, disparate treatment and discrimination on the bases of race, color and religion. Plaintiff, proceeding *pro se*, initiated this suit on March 21, 2012, and filed the operative First Amended Complaint on May 22, 2012. (*See* dockets ##1, 18-1.)

The Court notes that the parties filed a Stipulation on June 29, 2012 in which they agree that the only claim Plaintiff seeks to assert in his Amended Complaint is his Section 1981 claim.[2] The Court accepts the Stipulation as agreed and construes it as Plaintiff's notice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) that Plaintiff dismisses his Title VII and CADA claims.

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2] "[A]n individual employee can be held liable under § 1981 if there is an underlying employment contract and the individual employee was personally involved in the alleged racial discrimination." *Flores v. City & Cnty. of Denver*, 30 F. App'x 816, 819 (10th Cir. 2002) (citations omitted).

For his Section 1981 claim, Plaintiff, an African-American, alleges generally that the Defendants created a hostile work environment and treated him disparately in terminating his employment, and that Defendant Peterman harassed and retaliated against Plaintiff following his complaints about the harassment. (Amended Complaint, docket #18-1 at 4-6.)

Defendant Jon Jones filed a Motion to Dismiss in response to Plaintiff's Amended Complaint, arguing that Plaintiff's claims against him should be dismissed for insufficient service of process and failure to plead adequate personal jurisdiction. (Motion, docket #24 at 2.) On August 31, 2012, this Court issued a recommendation that Defendant Jones' motion be denied, that the time period for service of the Amended Complaint upon Jones be extended and that the Court arrange service of process upon Jones at his correct address. Docket #43. On March 21, 2013, the Honorable Robert E. Blackburn adopted the recommendation, extended the time period for service upon Jones to May 24, 2013, and ordered that the Clerk of the Court arrange service of process upon Jones at his correct address. Docket #60.

Meanwhile, the Court held a Scheduling Conference on July 25, 2012 at which the Court set deadlines for discovery, March 1, 2013, and dispositive motions, April 15, 2013. Docket #39. Thereafter, the Court met with the parties on April 4, 2013 for a hearing on Defendant FedEx Freight's motion to compel Plaintiff's responses to its discovery requests. Docket #61. During that hearing, this Court ordered the Plaintiff to execute the medical, tax and unemployment information releases presented with Defendant's discovery requests. *Id.* Plaintiff vocalized his objection, then filed a written objection on April 18, 2013. Docket #63. Plaintiff's objection was overruled by Judge Blackburn on November 4, 2013. Docket #103.

Apparently, the Plaintiff had continued to refuse to sign the releases in the meantime

because, at the status conference today, counsel for Defendants again asked that Plaintiff execute the releases. The Court ordered the releases produced to Plaintiff for his signature. Plaintiff asked for additional time to review them, but defense counsel reminded the Court that Plaintiff had received them with the discovery requests several months ago. Plaintiff acknowledged that he had previously received the releases. The Court agreed and ordered that Plaintiff execute the releases. The Plaintiff objected saying that he would not sign them. The Court warned the Plaintiff that if he refused to comply, the Court would adjourn the conference and draft a recommendation to dismiss the case for Plaintiff's refusal to prosecute the case. The Plaintiff again objected saying that he intended to file an interlocutory appeal of the discovery order (the Court had already explained to the Plaintiff that an interlocutory appeal of that nature would likely be dismissed). At that point, the Court recessed the conference.

Under the circumstances, the Court concludes that Plaintiff's evident disrespect for the Court and his refusal to comply with a Court order serve as intentional impediments to the "just, speedy and inexpensive" adjudication of this matter. Thus, the Court respectfully recommends that the District Court dismiss this action.

**II.     Discussion**

Although Plaintiff is proceeding in this case without an attorney,[3] he bears the responsibility of prosecuting this case with due diligence. By order of this Court on April 4, 2013, the Plaintiff was directed to execute medical, tax and employment information releases propounded by the Defendants. Apparently, the Plaintiff continued to refuse to do so, even after the District Court

---

[3]On April 19, 2013, this Court granted Plaintiff's request for volunteer counsel and this case was placed on a volunteer list maintained by the CJA/Pro Se Division (docket #64); however, no attorney has yet entered an appearance on behalf of the Plaintiff.

overruled his objections on November 4, 2013. Finally, in open court, Plaintiff twice refused to comply with the order to execute the releases. Furthermore, the Plaintiff has shown disrespect to the Court by raising his voice, repeatedly interrupting the Court and failing to answer direct questions. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same orders and rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the

amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Considering the first factor, the Court finds that Plaintiff's lack of cooperation and diligence in this case has caused the Defendants prejudice because they have been deprived for approximately nine months of information and documents necessary to defend against Plaintiff's claims. Moreover, Plaintiff's lack of response to this Court's orders and his failure to participate has interfered with the judicial process in that the Court has been unable to hold a final pretrial conference in this case filed nearly two years ago.

Furthermore, the Plaintiff's culpability is evident particularly in his refusal to comply with a Court order after his objections were overruled and in open court.  Plaintiff was warned at the hearing that the Court would recommend dismissal for his failure to prosecute; yet, he still refused to comply.  Finally, the Court finds that no sanction less than dismissal would be effective here. The Plaintiff has been granted *in forma pauperis* status in this case; thus, no monetary sanction would be practical.  The Court concludes that dismissal is the appropriate result.

**III.   Conclusion**

By refusing to comply with the Court's order to respond to Defendants' discovery requests, the Plaintiff has shown disrespect and disregard for the Court and a willful failure to prosecute this

case with due diligence. In fact, the Court admonished the Plaintiff at the April 4, 2013 hearing for failing to propound his own discovery requests upon the Defendants during the several months before the discovery cutoff. *See* April 4, 2013 Hearing Transcript, 60: 4-9; 83: 25; 84:1-9, docket #62. For these reasons alone, dismissal of this action against the Defendants is warranted.

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I respectfully RECOMMEND that the District Court dismiss this case for Plaintiff's failure to prosecute this action.

Respectfully submitted this 12th day of November, 2013, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge