**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-00708-REB-MEH

ANTHONY D. LOCKE, an individual,

    Plaintiff,

v.

FEDEX FREIGHT, INC., and
JON S. JONES,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the **Recommendation of United States Magistrate Judge** [#108][1] filed November 12, 2013; and (2) **Fedex Freight, Inc.'s Motion To Strike "Plaintiff's Response to Defendants Fedex Freight Response to Plaintiff's 'Appealing Recommendation of Magistrate Hegarty re Case Dismissal Request [Dkt. 116]'" at Docket 127** [#128] filed January 15, 2014. The plaintiff filed objections [#116] to the recommendation, and the defendant Fedex Freight, Inc. filed a response [#118]. I overrule the objections, approve and adopt the recommendation, and grant the motion to strike.

The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings

---

[1] "[#108]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects.  I have considered carefully the recommendation, the objections, and the applicable case law.

As detailed in the recommendation [#108], the plaintiff, Anthony Locke, has refused to comply with his discovery obligations in this case.  On April 4, 2013, addressing a motion to compel filed by Fedex Freight, the magistrate judge ordered Mr. Locke to execute the medical, tax, and unemployment information releases presented to Mr. Locke with the discovery requests of Fedex Frieght.  *Recommendation* [#108], p. 3.  The plaintiff filed an objection [#63] to that order, which objection was overruled.  *Order* [#103].  The magistrate judge then held a status conference during which the issue of the releases again was discussed in open court.  Mr. Locke again refused to sign the releases despite a reminder from the magistrate judge that he, Mr. Locke, previously had been ordered to sign the releases.  *Recommendation* [#108], p. 4.  At this hearing, the magistrate judge explicitly warned Mr. Locke that dismissal of this case was the likely consequence of the continuing refusal of Mr. Locke to comply with the orders of the court.

In the recommendation [#108], the magistrate judge analyzes this case applying the applicable law, including the factors outlined in **Ehrenhaus v. Reynolds**, 965 F.2d 916, 921 (10th Cir. 1992).  I concur with the analysis of the magistrate judge.  Dismissal of this case with prejudice is the only viable sanction.  The objections [#116] of Mr. Locke are baseless.   He claims he did not have adequate time to review the releases, even though the record demonstrates he had months to review the releases and sign

the releases. He consistently refused to sign them, despite the orders of this court that he do so. Mr. Locke claims he "had every right to object and appeal the discovery requests by the Respondents." *Objections* [#116], p. 2.  As noted above, Mr. Locke objected to the initial order of the magistrate judge granting the motion to compel of the defendants and those objections were overruled.  Faced with an order from the magistrate judge which had been affirmed by this district judge, Mr. Locke continued to refuse to comply with his discovery obligations by signing the releases.

Mr. Locke filed what is, in effect, a reply [#127] in support of his objections to the recommendation.  In its motion to strike [#128], Fedex Freight notes that Mr. Locke raises in his reply [#127] a variety of new arguments not raised in his objections [#116]. It is not proper for the court to consider arguments raised for the first time in the reply [#127] of Mr. Locke. Therefore, the reply [#127] of Mr. Locke is stricken.

I note that nothing in the record demonstrates that defendant John S. Jones was served with a summons and complaint in this case.  In a previous order [#60], I granted Mr. Locke additional time to arrange for service of Mr. Jones.  Service or not, the sanction imposed by this order applies equally to the claims of Mr. Locke against Mr. Jones.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#108] filed November 12, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2. That this case is **DISMISSED** with prejudice as a sanction for the refusal of the plaintiff to comply with his discovery obligations and the orders of this court;

3. That **Fedex Freight, Inc.'s Motion To Strike "Plaintiff's Response to Defendants Fedex Freight Response to Plaintiff's 'Appealing Recommendation of**

3

**Magistrate Hegarty re Case Dismissal Request [Dkt. 116]'" at Docket 127** [#128] filed January 15, 2014, is **GRANTED**;

    4. That the paper of the plaintiff captioned "**Plaintiff's Response to Defendants Fedex Freight Response to Plaintiff's 'Appealing Recommendation of Magistrate Hegarty re Case Dismissal Request [Dkt. 116]**" [#127] is **STRICKEN**;

    5. That **JUDGMENT SHALL ENTER** in favor of the defendants against the plaintiff on all claims for relief asserted in the complaint [#1] and the apparent supplement to the complaint [#42];

    6. That the defendants are **AWARDED** their costs to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

    7. That this case is **CLOSED**.

Dated September 4, 2014, at Denver, Colorado.

                                                **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge